# United States District Court

## for the

### Eastern District of Washington

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Roberta Jean Peone | Case Number: 0980 2:18CR00116-RMP-1 |
| Address of Offender: | Spokane Valley, Washington 99202 |

Name of Sentencing Judicial Officer:  The Honorable Edward J. Lodge, U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Rosanna Malouf Peterson, U.S. District Judge

Date of Original Sentence: December 15, 2015

| | | | |
|---|---|---|---|
| Original Offense: | Conspiracy, 18 U.S.C. § 371 | | |
| Original Sentence: | Prison - 95 days<br>TSR - 36 days | Type of Supervision: | Supervised Release |
| Revocation Sentence<br>(April 25, 25, 2017) | Prison - 7 months<br>TSR - 21 months | | |
| Asst. U.S. Attorney: | Russell E. Smoot | Date Supervision Commenced: | September 15, 2017 |
| Defense Attorney: | J Houston Goddard | Date Supervision Expires: | June 14, 2019 |

## PETITIONING THE COURT

To incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court on 10/31/2018, 11/15/2018, 11/27/2018, 12/19/2018.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 10 | **Special Condition # 5**: The defendant shall participate in a program of testing and treatment for drug and alcohol abuse, as directed by the probation officer. The cost to be paid by both the defendant and the government based upon the defendant's ability to pay.<br><br>**Supporting Evidence**: Roberta Peone violated the terms of her supervised release by failing to appear for random urinalysis testing on or about January 29, 2019; February 4 and 13, 2019.<br><br>On September 25, 2017, Ms. Peone's term of supervised release commenced with the District of Idaho. In December 2017, her case was transferred to the Eastern District of Washington.<br><br>On December 20, 2017, a supervision intake was completed. The conditions of supervised release were reviewed and she signed a copy of the judgment acknowledging an understanding of the conditions imposed by the Court, which includes special condition number 5, as noted above. |

On January 29, 2019, Ms. Peone failed to appear for a random urinalysis test at Pioneer Counseling Services. On January 31, 2019, Ms. Peone contacted the undersigned officer to report she had been forgetting to call the drug testing line. She reported that same day, submitted to a urinalysis test, which tested negative for controlled substances, and agreed to resume compliance with her testing requirements.

On February 4, 2019, Ms. Peone again failed to appear for a random urinalysis test. Ms. Peone had indicated that she fell asleep and missed this urinalysis. On February 5, 2019, she reported to the U.S. Probation Office and submitted to a urinalysis, which tested negative for controlled substances.

On February 13, 2019, Ms. Peone missed another random urinalysis test. On February 14, 2019, she reported approximately 20 minutes before the office closed. Ms. Peone tested positive for methamphetamine; however, Ms. Peone indicated her positive result was due to her methamphetamine use on February 11, 2019, for which she had previously admitted.

11    **Mandatory Condition # 3**: You shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on supervision and to a maximum of 5 periodic drug tests a month thereafter for the term of supervision as directed by the probation officer. The cost to be paid by both the defendant and the government based upon the defendant's ability to pay.

**Supporting Evidence**: Ms. Peone violated the terms of her supervised release, by consuming a controlled substance, methamphetamine, on or about, February 11 and 14, 2019.

On September 25, 2017, Ms. Peone's term of supervised release commenced with the District of Idaho. In December 2017, her case was transferred to the Eastern District of Washington.

On December 20, 2017, a supervision intake was completed. The conditions of supervised release were reviewed with her and she signed a copy of the judgment acknowledging an understanding of the conditions imposed by the Court, which includes special condition number 5, as noted above.

On February 11, 2019, Ms. Peone reported to Pioneer counseling services for the purpose of a random urinalysis test. She tested presumptive positive for methamphetamine. She signed a drug use admission form admitting to methamphetamine use that same day. She then sent a text message to the undersigned admitting to the noted methamphetamine use.

On February 19, 2019, Ms. Peone reported the US Probation Office. She submitted to a urinalysis test, which tested presumptive positive for methamphetamine. Ms. Peone admitted consuming methamphetamine on February 14, 2019.

12    **Standard Condition #2:** After initially reporting to the probation office, you will receive instructions from the court or the probation office about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

**Supporting Evidence**: Ms. Peone violated the terms of her supervised release by failing to report as directed on or about February 26, 2019.

On September 25, 2017, Ms. Peone's term of supervised release commenced with the District of Idaho. In December 2017, her case was transferred to the Eastern District of Washington.

On December 20, 2017, a supervision intake was completed. The conditions of supervised release were reviewed with her and she signed a copy of the judgment acknowledging an understanding of the conditions imposed by the Court, which includes standard condition number 2, as noted above.

On February 19, 2019, Ms. Peone was directed to report on February 26, 2019, at 8 a.m. On February 26, 2019, Ms. Peone failed to report.

13  **Mandatory Condition # 3**: You shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on supervision and to a maximum of 5 periodic drug tests a month thereafter for the term of supervision as directed by the probation officer. The cost to be paid by both the defendant and the government based upon the defendant's ability to pay.

**Supporting Evidence**: Ms. Peone violated the terms of her supervised release, by consuming a controlled substance, methamphetamine, on or about February 22, 2019.

On September 25, 2017, Ms. Peone's term of supervised release commenced with the District of Idaho. In December 2017, her case was transferred to the Eastern District of Washington.

On December 20, 2017, a supervision intake was completed. The conditions of supervised release were reviewed with her and she signed a copy of the judgment acknowledging an understanding of the conditions imposed by the Court, which includes special condition number 5, as noted above.

On February 27, 2019, during text and telephone communication, Ms. Peone admitted consuming methamphetamine on February 22, 2019.

The U.S. Probation Office respectfully recommends the Court incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  February 27, 2019

s/Melissa Hanson

Melissa Hanson
U.S. Probation Officer

THE COURT ORDERS

[ ]    No Action
[ ]    The Issuance of a Warrant
[ ]    The Issuance of a Summons
[X]    The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[X]    Defendant to appear before the Judge assigned to the case.
[ ]    Defendant to appear before the Magistrate Judge.
[ ]    Other

_____
Signature of Judicial Officer

2/27/2019
Date